EFRÓN DORADO, S.E., demandante, *v.* ALICE AYALA AGOSTO, su esposo SAMUEL AGOSTO LÓPEZ, la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por ambos, y CASA JOVEN DEL CARIBE, INC., demandados y apelantes; MUNICIPIO DE DORADO, demandado y apelado.

*Número:* CC-1999-24          *Resuelto:* 21 de noviembre de 2005

*Nelson Vélez Lugo*, abogado de la parte peticionaria; *Graciany Miranda Marchand* y *Héctor Rivera Cruz*, abogados de la parte recurrida.

## SENTENCIA

El 20 de septiembre de 1995 Efrón Dorada, S.E. (Efrón) presentó una acción de reivindicación contra los peticionarios, la Sra. Alice Ayala Agosto, el Sr. Samuel Agosto López y la Sociedad Legal de Gananciales compuesta por ellos (Ayala o esposos Agosto-Ayala), por tener éstos una construcción en terrenos alegadamente pertenecientes a la demandante. La construcción que Ayala ha establecido en el referido terreno se dedica a tratar a personas con pro-

blemas de adicción a drogas bajo el nombre de "Casa del Joven del Caribe, Inc." (Casa del Joven).

Efrón incluyó en la demanda al Municipio de Dorado (Municipio) por entender que es parte indispensable al ser alegadamente dueño de parte de los terrenos donde ubica la Casa del Joven. Además, porque la demandante alegó que el Municipio debe responder por las actuaciones de Ayala "al no tomar las medidas necesarias para evitar que su vicealcaldesa invadiera terrenos ajenos y edificara de mala fe y clandestinamente". Demanda, Apéndice, pág. 37.

Efrón solicitó al tribunal la remoción de la estructura y la entrega del solar en las condiciones originales, así como el pago de $100,000 en concepto de uso y disfrute de la propiedad; $10,000 en daños ocasionados a la demandante, y $5,000 en concepto de honorarios de abogado.

Los codemandados, Municipio y Ayala, contestaron la demanda y, a su vez, presentaron demandas contra coparte. Ayala alegó que el terreno que utiliza para operar la Casa del Joven lo obtuvo mediante una subasta realizada por el Municipio en 1991, en la cual se le otorgó el arrendamiento de dicho terreno perteneciente al Municipio. Alegó Ayala que de resultar cierto que Efrón es dueño de dicha propiedad, el Municipio debe responder, ya que fue éste quien realizó la subasta y autorizó a Ayala a utilizar el predio. El Municipio, por su parte, alegó en su demanda de coparte que Ayala usó y edificó de forma ilegal en un terreno propiedad del Municipio, por lo que debe devolverlo.

El 20 de marzo de 1996 Efrón presentó una Moción de Sentencia Sumaria Parcial, en la cual alegó no haber controversia sobre la titularidad del solar. En reconsideración, el 29 de mayo de 1996, el Tribunal de Primera Instancia dictó una sentencia parcial, en la que declaró a Efrón dueña del terreno objeto de la demanda. Determinó que los esposos Agosto-Ayala son invasores de una parte sustancial de la finca de Efrón en la cual construyeron una es-

tructura conocida como La Casa Joven del Caribe, Inc., por lo cual son edificantes de mala fe, sin derecho a ser indemnizados por la pérdida de lo edificado. Además, el foro de instancia determinó que el Municipio responde por las actuaciones de su funcionaria Alice Ayala por conocer y colaborar con el establecimiento de la Casa Joven en los terrenos pertenecientes a la demandante.

El tribunal ordenó al matrimonio devolver la finca al estado original, removiendo a su costo todo lo edificado. Dejó para una fecha posterior la adjudicación de los daños.

Ambas partes demandadas presentaron sendas apelaciones ante el foro intermedio, el cual denegó los recursos acogidos como *certiorari*, sin perjuicio del derecho de apelación que le asistiría a las partes una vez resuelto el caso de forma final.

El 11 de mayo de 1997 se ordenó a los esposos Agosto-Ayala el desalojo de los terrenos pertenecientes a la demandante conforme la determinación del tribunal en la sentencia parcial. El tribunal concedió diez días para ello. Efrón presentó una moción de desacato y sanciones contra Ayala por no abandonar su residencia, que según alega la demandante también ubica dentro de los referidos terrenos. Ayala alegó que su residencia no es parte de los terrenos objeto de este pleito, que está sita al otro lado de la carretera y que, además, esa propiedad nunca fue objeto de la demanda ni de ninguna otra etapa del caso. El 12 de noviembre se celebró una vista y se concedió un plazo de cuarenta días a los esposos Agosto-Ayala para que un perito examinase el plano y determinara si la residencia efectivamente se ubica en terrenos del Municipio y de la parte demandante. Los peticionarios nada hicieron al respecto.

Así las cosas, el 9 de enero de 1997 el Municipio presentó una moción de sentencia sumaria con relación a la demanda de coparte contra Ayala. Argumentó que no había controversia de hecho en cuanto a que la titularidad sobre el solar en disputa pertenece a Efrón y al Municipio. El

Municipio alegó que parte de estos terrenos fueron destinados por la Junta de Planificación y por la Administración de Reglamentos y Permisos (ARPe) para ser donados al Municipio para fines públicos, como requisito para la aprobación del proyecto Dorado del Mar Estates, cuya sucesora en derecho es Efrón, quien los adquirió el 25 de septiembre de 1992.

El 14 de abril de 1998, el tribunal inferior dictó sentencia sumaria parcial, en la que declaró "con lugar" la demanda contra coparte del Municipio contra Ayala y denegó la demanda contra coparte de éstos contra el Municipio. Determinó en la sentencia que los terrenos pertenecen a Efrón y al Municipio, por lo que ordenó el desalojo del inmueble. Así, Ayala acudió ante el foro apelativo para solicitar una revisión. Ante lo cual, el foro de segunda instancia confirmó la sentencia del Tribunal de Primera Instancia el 30 de noviembre de 1998.

Inconforme con el resultado, Ayala presentó un auto de *certiorari* el 9 de enero de 1999 ante este Tribunal, alegando que el foro apelativo erró

> … al no determinar que los aquí peticionarios son constructores de buena fe en relación a su residencia.
> … al determinar que los terrenos en donde enclava la residencia de los aquí peticionarios está comprendido dentro de la causa del caso de epígrafe y están debidamente definidos.
> … al ordenar la Ejecución de la Sentencia Parcial del caso de epígrafe, procediendo a desalojar las pertenencias y destruir las estructuras de CASA JOVEN DEL CARIBE, INC.
> … al no conceder a los aquí peticionarios en adición [sic] a su derecho de hogar seguro una indemnización por el valor de la residencia por motivo de haber de haber sido edificantes de buena fe.
> … al disponer mediante Sentencia Sumaria el caso de epígrafe cuando existen controversias de hechos sustanciales que deben ser dilucidadas en un juicio plenario. Petición de *certiorari*, págs. 8–9.

El 5 de marzo de 1999 expedimos el auto y ordenamos a las partes presentar sus alegatos. Con el beneficio de la comparecencia de las partes, *se dicta sentencia en la que se*

*revoca el dictamen y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.*

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Presidente Señor Hernández Denton disintió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino y el Juez Asociado Señor Rivera Pérez concurrió sin opinión escrita. La Jueza Asociada Señora Rodríguez Rodríguez no intervino.

(*Fdo.*) Dimarie Alicea Lozada
*Secretaria del Tribunal Supremo Interina*